**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **ISAIAS SOTO PEREZ** | **CASE NO. 08-06576 BKT** |
| **Debtor(s)** | **CHAPTER 7** |
| **ISAIAS SOTO PEREZ** | **ADVERSARY NO. 09-0196** |
| **Plaintiff** | |
| **DEPARTMENT OF TREASURY OF THE COMMONWEALTH OF PUERTO RICO WILFREDO SEGARRA , TRUSTEE** | **FILED & ENTERED ON 06/18/2010** |
| **Defendant(s)** | |

### *DECISION AND ORDER*

This proceeding is before the Court upon Debtor's motion for partial summary judgment and Defendant's opposition with respect to its alleged willful violation of the automatic stay pursuant to 11 U.S.C. § 362 [Dkt. No. 14]. For the reasons set forth below, Debtor's motion for partial summary judgment is granted. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**BACKGROUND**

On September 30, 2008, Plaintiff Isaias Soto Perez ("Debtor") filed a voluntary Chapter 13 bankruptcy petition [Dkt. No. 1 in the legal case]. Shortly thereafter, Defendant Department of Treasury of the Commonwealth of Puerto Rico ("Treasury") filed a proof of claim on November 25, 2008 [Claim No. 13]. Pursuant to Debtor's outstanding tax obligations, which are not disputed,

Treasury petitioned payment from the Debtor by issuing a series of notices on the following dates: (1) November 28, 2008; (2) February 18, 2008; (3) March 4, 2009; (4) April 7, 2009; and, (5) April 22, 2009 [Dkt. No. 14].  Moreover, on July 22, 2009, Treasury sent a notice of attachment to third persons in possession of Debtor's personal property in further efforts to collect on Debtor's outstanding debt [Dkt. No. 14].

The parties do not contest the fact that the Treasury notices were sent after Debtor's bankruptcy petition was filed.  In response to the collection notices outlined above, Debtor initiated an adversary proceeding against Treasury, arguing that the collection notices were issued in violation of the automatic stay pursuant to 11 U.S.C. § 362  [Dkt. No. 1].  Accordingly, Debtor prays for partial summary judgment as to the finding of whether Treasury willfully violated the automatic stay and asks the Court to schedule a trial on the issue of damages.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states that summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Upon consideration of the facts, the Court must draw all reasonable inferences in a light most favorable to the non-moving party.  Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994); Desmond v. Varasso (In re Varasso), 37 F.3d 760, 763 (1st Cir. 1994).  "The summary judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a

question of law is involved."  10 Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998).

While summary judgment allows a party to pierce the allegations in the pleading by introducing outside evidence to obtain relief, it is not a substitute for a trial of disputed facts.  Id.  Consequently, the "[m]ere existence of some alleged factual dispute between the parties will *not* defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material fact*."  Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (emphasis added).  As such, a fact is deemed material if it has the potential to affect the outcome of a case under governing law.  Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); U.S. Fire Ins. Co. v. Productions Padosa, Inc., 835 F.2d 950, 953 (1st Cir. 1987) (stating factual issue is material only if relevant to resolution of controlling legal issue raised in summary judgment).

**ANALYSIS**

**I.  Willful Violation of the Automatic Stay**

With respect to the automatic stay, 11 U.S.C. § 362 provides in relevant part:

> (a) . . . a petition filed under 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of-
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> ….
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> ….

11 U.S.C. § 362 (2010).  Pursuant to § 362(a), once a debtor files a bankruptcy petition, the automatic stay takes effect and creditors are prohibited from all actions against the debtor's assets. Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1146 (5th Cir. 1987).  See also 3 Collier on Bankruptcy § 362-03 (15th ed. 2010).  Indeed, the scope of the automatic stay is broad to the extent that "even where there [sic] no actual notice of the existence of the stay" an action against the Debtor's assets is still void.  Id.  The underlying policy beneath the strict guidelines of the automatic stay is to provide debtors with sufficient "breathing space" in order to promote a key bankruptcy goal – equal distribution of the estate.  Id.  To recover damages, however, the violation of the automatic stay has to be "willful."  11 U.S.C. § 362(k)(1).  See also In re McMullen, 386 F.3d 320, 330 (1st Cir. 2004).  It follows that a violation is "willful" when: (1) the creditor has knowledge of the pending bankruptcy proceeding; and (2) the creditor's conduct is intentional.  Id. (citing Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268-69 (1st Cir. 1999)).  That said, in cases where a creditor has received actual notice of the automatic stay, a finder of fact must presume the violation was intentional.  Homer Nat'l Bank v. Namie, 96 B.R. 652, 654 (Bankr. W.D. La. 1989). Conversely, if a creditor is found to lack knowledge of the bankruptcy case, the violation of the stay is only "technical" and does not result in the awarding of damages.  In re McMullen, 386 F.3d at 330 (citing In re Will, 303 B.R. 357, 364 (Bankr. N.D. Ill. 2003)).

In the case at bar, it is clear that Treasury violated the automatic stay pursuant to 11 U.S.C. § 362(a)(1) and (a)(6), which prohibits post-petition collection efforts for claims that arose prior to the commencement of the case.  11 U.S.C. § 362.  Indeed, Debtor filed a bankruptcy petition on September 30, 2008, which placed an automatic stay over the estate and debtor, which pre-dated the

issuance of five separate collection notices and an attachment of property by Treasury [Dkt. No. 14]. Furthermore, the Court finds Treasury's violation of the automatic stay to be "willful" because Treasury was provided with timely notice of Debtor's bankruptcy filing [Dkt. No. 4 in the legal case]. Serving as further indicia of Treasury's knowledge to the automatic stay is the fact that Treasury promptly filed its proof of claim with the Court after receiving notice of Debtor's bankruptcy filing [Claim No. 13]. Pursuant to the First Circuit's holding in In re McMullen, Treasury's notice of the bankruptcy filing confirms Treasury's knowledge of the automatic stay. Because Treasury had knowledge of the automatic stay, its ensuing violation is deemed intentional. As such, this Court finds Treasury to have committed a willful violation of the automatic stay.

In their opposition to partial summary judgment, Treasury avers that the notices and attachment letter were "not a collection effort but mere "administrative procedure" [Dkt. No. 18]. The Court finds this argument deficient. Some courts have found that *initial notices* sent to debtors by the IRS do not violate the automatic stay. See In re Bryant, 294 B.R. 791, 798 (Bankr. S.D. Ala. 2002) (ruling IRS letter that did not ask for payment and stated 'information only - no response is necessary' was not violation of stay); In re Innovation Instruments, Inc., 228 B.R. 313, 315 (Bankr. N.D. Fla. 1998) (maintaining IRS allowed to send first bill notifying debtor in bankruptcy of liability, but prohibited from taking steps to collect tax).

The steps taken by Treasury, however, are unlike the initial notification procedures raised in In re Bryant and In re Innovation Instruments. Not only did Treasury file a proof of claim after Debtor's bankruptcy filing, but Treasury issued five letters and an attachment of Debtor's property, all of which evince an unmistakable effort to collect from Debtor. As demonstrated by their April 7, 2009

letter, Treasury threatened to take the following action(s) if Debtor did not communicate with Treasury on the repayment of its debt by April 30, 2009: (1) monthly deduction of salary; (2) seizure of bank accounts; (3) seizure and/or auction of furniture and real estate; (4) retention of payment if Debtor is a deputy of goods and services for the Government of Puerto Rico; (5) reporting of debt to the Credit Bureau; and (6) encumbrance of automobile [Dkt. No. 14].  In its review of the complete record, this Court finds that Treasury – who it is undisputed had notice of the automatic stay – has not presented any material fact or admissible evidence that it was not attempting to collect from Debtor.

**II.  Waiver of Sovereign Immunity**

Further analysis is required when the party that violates an automatic stay is the government because the doctrine of sovereign immunity prevents the United States from being sued except in cases where the government has provided consent.  In re Price, 42 F.3d 1068, 1071 (7th Cir. 1994) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)).  The filing of a proof of claim by a governmental unit is an action widely recognized as consent, thereby waiving any sovereign immunity.  Gardner v. New Jersey, 329 U.S. 565, 567 (1947) (holding a party that invokes aid of bankruptcy court by proof of claim waives any immunity in adjudication of claim); Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico, 270 F.3d 17, 27 (1st Cir. 2001) (noting that a state waives immunity by availing itself of federal courts through proof of claim).  Accordingly, 11 U.S.C. § 106(b) states:

> A governmental unit[1] that has filed a proof of claim in the case is deemed to have ***waived*** sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

---

[1] A "governmental unit" is defined in part as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or **instrumentality of** the United States . . . , a State, **a Commonwealth**, a District . . . ."  11 U.S.C. § 101 (27) (2010) (emphasis added).

11 U.S.C. § 106(b) (2010) (emphasis added).  As such, the following three factors must be present for a government to be deemed to have waived sovereign immunity: (1) the governmental unit filed a proof of claim; (2) the claim against the governmental unit must involve property of the estate; and (3) the claims made by both the governmental unit and debtor must arise from the same transaction or occurrence.  In re Price, 42 F.3d at 1072-73.  "Property of the estate" is comprised of "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1) (2010).  See also United States v. McPeck, 910 F.2d 509, 513 (8th Cir. 1990) (asserting claim for attorney's fees are property of the estate).  The third prong – which has no formal test – has been interpreted broadly in an effort to promote "judicial economy."  In re Price, 42 F.3d at 1072 (noting logical relationship of claims test applies).  See also United Artists Corp. v. Masterpiece Productions, 221 F.2d 213, 216 (2d Cir 1955) (holding mere logical relationship between claims is sufficient, not absolute identity of factual backgrounds).

In the present dispute, the Court finds Treasury to have waived its sovereign immunity.  Because Treasury is an instrumentality of the Commonwealth of Puerto Rico, it plainly qualifies as a "governmental unit" under the definition provided by 11 U.S.C. § 101(27).  Furthermore, Treasury satisfies all three requirements for the waiver of sovereign immunity pursuant to § 106(b).  First, Treasury entered a proof of claim in the bankruptcy case regarding Debtor's outstanding tax liability [Claim No. 13].  Second, like In re Price, where the debtor's claim against the IRS for attorney's fees and costs were deemed property of the estate, Debtor's claims against Treasury for attorney's fees and costs – in addition to actual damages, punitive damages, and interest – are also property of the estate.  In re Price, 42 F.3d at 1072.  Finally, under the third prong, the claims made by Treasury and Debtor arise from the same transaction or occurrence – Debtor's tax liability. Essentially, Treasury's

collection efforts, which violated the automatic stay, resulted in the commencement of the present adversary proceeding by Debtor.  It follows that Debtor would not have had to incur attorney's fees and costs had Treasury not asserted its claim over part of the bankruptcy estate at issue.  As such, the above circumstances display a logical relationship between the claims set forth by both litigants.  Because all three prongs of the waiver of sovereign immunity test have been met and no material fact to the contrary has been raised by Treasury, this Court finds that Treasury has waived its sovereign immunity pursuant to § 106(b) of the Bankruptcy Code.

**III.  Anti-Ferreting Consideration**

In opposition to Debtor's motion for partial summary judgment and in support of its motion to dismiss, Treasury avers that Debtor has not fully complied with Local Civil Rule 56 ("Rule 56") by not supplementing its motion with a statement of uncontested facts [Dkt. No. 18].  Rule 56 – also known as an "anti-ferret" rule – is one of the district court, which calls for litigants seeking summary judgment to submit "[a] list of the allegedly uncontested facts on which it relies . . . ." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).  Indeed, Rule 56 seeks to force parties to organize evidence themselves and not place the burden of sorting through a disorderly record on the district court.  Id. at 81.  See also Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7-8 (1st Cir. 2007) (stating Rule 56 is meant to avoid shifting burdens of litigation to the court).  Compliance with Rule 56 allows a district court to appropriately focus on "what is – and what is not – genuinely controverted." Caban Hernandez, 486 F.3d at 7 (citing Calvi v. Knox, 470 F.3d 422, 427 (1st Cir. 2006)).  There is no mechanical rule, however, to determine when a party has not complied with Rule 56.  Alsina-Ortiz, 400 F.3d at 81.  As such, it is within the discretion of the district court judge to determine if a party has complied with the spirit of Rule 56.  Id. at 80-81.  That said, non-compliance with Rule 56

is not determinative of the outcome of a motion for summary judgment. Id. at 81 (citing Guzman-Rosario v. United Parcel Serv., Inc., 397 F.3d 6 (1st Cir. 2005)). In sum, Rule 56 merely frames the factual configuration of the case going forward. Id.

The First Circuit has invoked the anti-ferret rule in several instances where a party has unduly burdened the Court with a disorganized record. In Alsina-Ortiz, the First Circuit found the plaintiff to not "even arguably comply with the spirit or letter of the rule" after he had filed statements that spanned 60 pages and 130 facts – many of which were "irrelevant, repetitive or unsupported by record citation." 400 F.3d at 81. Similarly, in Caban Hernandez, the First Circuit found non-compliance with Rule 56 when the appellant did not properly cite to the record, supported facts only by general references to exhibits, and entered exhibits that comprised of hundreds of pages, effectively leaving "the district court to grope unaided for factual needles in a documentary haystack." 483 F.3d at 7-8.

In this case, the Court finds that Debtor has sufficiently complied with Rule 56. Although the Debtor's motion for partial summary judgment has not been supplemented by a list of its alleged uncontested facts, contains multiple citation errors, and includes duplicative filing of exhibits, they do not overly burden the Court in as severe a fashion as the First Circuit witnessed in Alsina-Ortiz and Caban Hernandez. Additionally, while the record entered by the Debtor could have been organized in a more careful fashion, it does not strike the Court as being irrelevant like much of the record that was submitted by the plaintiff in Alsina-Ortiz.

**CONCLUSION**

The motion for partial summary judgment, filed by Plaintiff, Isaias Soto Perez on March 22, 2010, [Dkt. No. 14] is GRANTED. The Court rules that a finding on whether Defendant, Department of Treasury of the Commonwealth of Puerto Rico's willful violation of the automatic stay caused harm to the Plaintiff is an issue to be left for a trial on damages.

WHEREFORE, IT IS ORDERED that PLAINTIFF's motion for partial summary judgment shall be, and it hereby is, GRANTED.

San Juan, Puerto Rico, this 18 day of June, 2010**.**

Brian K. Tester
U.S. Bankruptcy Judge

**c:**     DEBTOR(S)
FREDERIC  CHARDON DUBOS
WILFREDO  SEGARRA MIRANDA
DEPARTMENT OF TREASURY OF THE COMMONWEAL
WILFREDO  SEGARRA MIRANDA ,TRUSTEE